**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3219-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ZBIGNIEW KOLODZIEJ,

    Defendant-Appellant.

_____

          Submitted March 27, 2017 — Decided  April 5, 2017

          Before Judges Sabatino and Haas.

          On appeal from Superior Court of New Jersey,
          Law Division, Passaic County, Indictment No.
          04-06-0896.

          Law Offices of Peter G. Aziz & Associates LLC,
          attorneys for appellant (Peter G. Aziz, on the
          brief).

          Camelia M. Valdes, Passaic County Prosecutor,
          attorney for respondent (Christopher W. Hsieh,
          Chief Assistant Prosecutor, of counsel and on
          the brief).

PER CURIAM

    Defendant Zbigniew Kolodziej appeals the trial court's denial

of his petition for post-conviction relief ("PCR").  An immigrant

from Poland, defendant contends that he was deprived of the

effective assistance of counsel when he pled guilty to an offense in 2004. He alleges he was not provided by his attorney with sufficient advice concerning the deportation consequences of his guilty plea. We affirm.

Defendant was charged in October 2004 with assault by auto arising out of an incident in November 2003 in which the car he was driving struck another vehicle on the highway.[1] Defendant abandoned his car and fled from the scene of the accident. Police found an empty bottle of vodka in the car. When he was apprehended by the police a short time later, his blood alcohol content was measured at .224, well over the legal limit.

Defendant negotiated through his counsel a plea agreement with the State. He appeared before the trial court on October 4, 2004, and pled guilty to the assault by auto charge. He admitted on the record to the court that he was not a United States citizen, and was advised that he could get deported as a consequence of his guilty plea.

Consistent with the plea agreement, defendant was sentenced on January 6, 2005 to a three-year probationary term with 270 days

---

[1] The appellate record does not contain a transcript of the plea and sentencing hearings. These facts are derived from the parties' briefs, defendant's appendix, and the PCR hearing. In any event, these omissions are inconsequential because defendant does not appear to contest the PCR judge's quotations from the plea and sentencing proceedings.

in the county jail.  Both at the plea hearing and sentencing, the court provided defendant with a Polish interpreter.

Defendant did not file a direct appeal.

Eight years later, defendant filed his PCR petition in November 2013.  He alleged that he had been deprived of his constitutional rights at his plea and sentencing because allegedly he was not sufficiently alerted to the likelihood that he would be deported based upon this conviction.  The trial court ruled that defendant had no viable claim of ineffectiveness under the applicable law, and dismissed his petition without an evidentiary hearing.

On appeal, defendant raises the following arguments in his brief:

> I.   THE CONSEQUENCES OF DEFENDANT'S INITIAL GUILTY PLEA ARE PENAL RATHER THAN COLLATERAL, CONSONANT WITH THE HOLDING OF STATE V. NUNEZ. [sic] 200 N.J. 129 [2009].  THE CONSEQUENCES FACED BY DEFENDANT AS A DIRECT CONSEQUENCE OF HIS IMMIGRATION STATUS ARE PUNITIVE.
>
> II.  THE CONSEQUENCES OF DEFENDANT'S GUILTY PLEA ON HIS IMMIGRATION STATUS IS VIOLATIVE OF THE SIXTH AMENDMENT'S PROHIBITION OF DOUBLE JEOPARDY.
>
> III. THE CONSEQUENCES OF DEFENDANT'S CRIMINAL CONVICTION IN REGARD TO HIS IMMIGRATION STATUS REPRESENTS THE CRIMINALIZATION OF DEFENDANT'S IMMIGRATION STATUS AND IS THEREFORE UNCONSTITUTIONAL.

Having considered these arguments, we affirm the dismissal of defendant's PCR petition, substantially for the reasons set forth in Judge Ronald B. Sokalski's oral opinion dated March 8, 2016.

Although the State initially argues that defendant's petition was untimely and procedurally barred, we need not reach those arguments because defendant's claims are clearly without merit under the law.

The governing law regarding the deportation consequences of a guilty plea is now clear. The Supreme Court of the United States has held that criminal defense attorneys are affirmatively obligated to inform their clients about the deportation risks of entering a guilty plea. Padilla v. Kentucky, 559 U.S. 356, 367, 130 S. Ct. 1473, 1482, 176 L. Ed. 2d 284, 294 (2010). However, the Court held that Padilla does not apply retroactively. Chaidez v. United States, ___ U.S. ___, ___, 133 S. Ct. 1103, 1105, 185 L. Ed. 2d 149, 154 (2013).

The New Jersey Supreme Court has likewise held that Padilla is a new rule to be applied prospectively only. State v. Gaitan, 209 N.J. 339, 371-72 (2012), cert. denied, ___ U.S. ___, 133 S. Ct. 1454, 185 L. Ed. 2d 361 (2013); see also State v. Santos, 210 N.J. 129, 143 (2012). For cases like this one that preceded Padilla, constitutionally ineffective assistance of plea counsel can only be established where counsel provided affirmatively

misleading advice to a defendant about the immigration consequences of a guilty plea. See State v. Nuñez-Valdéz, 200 N.J. 129, 139-43 (2009) (where defense counsel informed the defendant there would be no immigration consequences arising from his plea); see also Santos, supra, 210 N.J. at 143.

This case plainly does not meet the criteria of pre-Padilla law. At the time defendant's guilty plea was accepted in October 2004 and he was sentenced in January 2005, the law did not impose upon his criminal defense attorney any affirmative obligation to provide advice about deportation consequences. Notably, Question 17 on the plea form commonly used at the time stated that the defendant "may" be deported. That "may" term was repeated, both at defendant's plea hearing and at his sentencing by the trial court, where defendant specifically acknowledged that he understood the possibility that he might be deported after pleading guilty. Nothing more was required under the law at the time.

There was no need for the PCR judge in this case to conduct an evidentiary hearing. Defendant has failed to present a viable, prima facie case that would justify such a hearing. State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION